**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID SUSKI; JAIMEE MARTIN; JONAS CALSBEEK; THOMAS MAHER, Individually and on Behalf of All Others, *Plaintiffs-Appellees*, | No. 22-15209 DC No. 3:21-cv-04539-SK |
| v. | OPINION |
| COINBASE, INC., *Defendant-Appellant*, | |
| and | |
| MARDEN-KANE, INC.; COINBASE GLOBAL, INC., *Defendants*. | |

Appeal from the United States District Court
for the Northern District of California
Sallie Kim, Magistrate Judge, Presiding

Argued and Submitted November 18, 2022
San Francisco, California

Filed December 16, 2022

Before: A. Wallace Tashima and Richard A. Paez, Circuit
Judges, and William K. Sessions III,[*] District Judge.

Opinion by Judge Tashima

## SUMMARY[**]

### Arbitration

The panel affirmed the district court's order denying
Coinbase, Inc.'s motion to compel arbitration in a diversity
suit brought by four Coinbase users who opted into
Coinbase's Dogecoin Sweepstakes in June 2021.

When plaintiffs created their Coinbase accounts, they
agreed to the "Coinbase User Agreement," which contained
an arbitration provision. They later opted into the
Sweepstakes' "Official Rules," which included a forum
selection clause providing that California was the exclusive

---

[*] The Honorable William K. Sessions III, United States District Judge
for the District of Vermont, sitting by designation.

[**] This summary constitutes no part of the opinion of the court. It has
been prepared by court staff for the convenience of the reader.

jurisdiction for controversies regarding the sweepstakes.

First, Coinbase challenged the district court's ruling that the Coinbase User Agreement did not delegate to an arbitrator the question of whether the forum selection clause in the Sweepstakes' Official Rules superseded the arbitration clause in the User Agreement. Coinbase argued that the issue of any superseding effect of the Sweepstakes' Official Rules concerned the scope of the arbitration clause and therefore fell within the User Agreement delegation clause. The panel held that the "scope" of an arbitration clause concerns how widely it applies, not whether it has been superseded by a subsequent agreement. The district court therefore correctly ruled that the issue of whether the forum selection clause in the Sweepstakes' Official Rules superseded the arbitration clause in the User Agreement was not delegated to the arbitrator, but rather was for the court to decide.

Second, Coinbase challenged the district court's ruling that the forum selection clause in the Sweepstakes' Official Rules superseded the User Agreement's arbitration clause. Coinbase argued that the User Agreement contained an integration clause, and procedures for amendment of the User Agreement, and the User Agreement therefore could not have been superseded by the Official Rules. The panel held that the district court correctly ruled that because the User Agreement and the Official Rules conflict on the question whether the parties' dispute must be resolved by an arbitrator or by a California court, the Official Rules' forum selection clause supersedes the User Agreement's arbitration clause.

## COUNSEL

Kathleen R. Hartnett (argued), Michael G. Rhodes, Travis LeBlanc, Joseph D. Mornin, Bethany C. Lobo, and David S. Louk, Cooley LLP, San Francisco, California, for Defendants-Appellant.

David J. Harris Jr. (argued), Finkelstein & Krinsk LLP, San Diego, California, for Plaintiffs-Appellees.

## OPINION

TASHIMA, Circuit Judge:

Coinbase, Inc., an online cryptocurrency exchange, appeals the district court's order denying its motion to compel arbitration in a diversity suit brought by David Suski and three other Coinbase users who opted into Coinbase's Dogecoin Sweepstakes in June 2021. We affirm.

When plaintiffs created their Coinbase accounts, they agreed to the "Coinbase User Agreement," which contains an arbitration provision. They later opted into the Sweepstakes' "Official Rules," which include a forum selection clause providing that California courts have exclusive jurisdiction over any controversies regarding the sweepstakes. Plaintiffs brought claims under California's False Advertising Law, Unfair Competition Law, and Consumer Legal Remedies Act against Coinbase and Marden-Kane, Inc., a company hired by Coinbase to design, market, and execute the sweepstakes. Coinbase filed a motion to compel arbitration, which the

district court denied.  The district court concluded that a delegation clause in the Coinbase User Agreement did not delegate to the arbitrator the issue of which contract governed the dispute.  The district court further ruled that, under state-law principles of contract interpretation, the Official Rules superseded the Coinbase User Agreement and, therefore, that the User Agreement's arbitration clause did not apply.

We have jurisdiction under 9 U.S.C. § 16(a)(1).  We review de novo the district court's order denying Coinbase's motion to compel arbitration. *Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1207 (9th Cir. 2016).

## I. The Delegation Clause

First, Coinbase challenges the district court's ruling that the User Agreement did not delegate to an arbitrator the question of whether the forum selection clause in the Sweepstakes' Official Rules superseded the arbitration clause in the User Agreement.

"[W]hether the court or the arbitrator decides arbitrability is an issue for judicial determination unless the parties clearly and unmistakably provide otherwise." *Oracle Am. Inc. v. Myriad Grp. A.G.*, 724 F.3d 1069, 1072 (9th Cir. 2013) (internal quotation marks and citations omitted).  Issues of contract formation may not be delegated to an arbitrator. *Ahlstrom v. DHI Mortg. Co.*, 21 F.4th 631, 635 (9th Cir. 2021).  But "if the parties [formed] an agreement to arbitrate containing an enforceable delegation clause, all arguments going to the scope or enforceability of the arbitration provision are for the arbitrator to decide in the first instance." *Caremark, LLC v. Chickasaw Nation*, 43 F.4th 1021, 1030 (9th Cir. 2022); *see Henry Schein, Inc. v. Archer & White*

*Sales, Inc.*, 139 S. Ct. 524, 527 (2019) (recognizing that the Federal Arbitration Act "allows parties to agree by contract that an arbitrator, rather than a court, will resolve threshold arbitrability questions as well as underlying merits disputes").

The delegation clause in the User Agreement accepted by three plaintiffs provides that the arbitrator shall decide "disputes arising out of or related to the interpretation or application of the Arbitration Agreement, including the enforceability, revocability, scope, or validity of the Arbitration Agreement." Suski accepted a different version of the Coinbase User Agreement, but the American Arbitration Association rules incorporated in that agreement similarly grant the arbitrator the power to rule on "the existence, scope, or validity of the arbitration agreement."

Coinbase argues that the issue of any superseding effect of the Sweepstakes' Official Rules concerns the scope of the arbitration clause and therefore falls within the User Agreement's delegation clause. Coinbase cites *Mohamed*, which held that delegation clauses in the parties' arbitration agreements served as clear and unmistakable evidence of the parties' intent to delegate questions of arbitrability, even though the parties' agreements also contained forum selection clauses granting "'exclusive jurisdiction'" to state and federal courts in San Francisco over "'any disputes, actions, claims or causes of action arising out of or in connection with this Agreement.'" *Mohamed*, 848 F.3d at 1209. In *Mohamed*, however, the delegation clause and the forum selection clause were included in the same contract, and there was no question about a later, potentially-superseding agreement. We held that the delegation clause remained clear and unmistakable despite the presence of the forum selection clause because

any conflicts between them were "artificial." *Id*. ("It is apparent that the venue provision . . . was intended . . . to identify the venue for any other claims that were not covered in the arbitration agreement.").

We find well-taken plaintiffs' argument that under *Goldman, Sachs & Co. v. City of Reno*, 747 F.3d 733 (9th Cir. 2004), the existence rather than the scope of an arbitration agreement is at issue here. In *Goldman*, plaintiff Goldman, a broker-dealer and member of the Financial Industry Regulatory Authority ("FINRA"), sought to enjoin a FINRA arbitration that the City of Reno had initiated against it. *Id*. at 735. As a FINRA member, Goldman had a default obligation under the FINRA Rules to arbitrate at the request of a customer such as Reno. *Id*. at 742. The contracts between the parties, however, included forum selection clauses providing that actions arising out of the contracts must be brought in the United States District Court for the District of Nevada. *Id*. at 736–37. *Goldman* held that the issue of whether the forum selection clauses applied and superseded Goldman's arbitration obligation was an issue of whether a contractual obligation to arbitrate existed. *Id*. at 743.

The "scope" of an arbitration clause concerns how widely it applies, not whether it has been superseded by a subsequent agreement. *See id*.; *cf. Portland Gen. Elec. Co. v. Liberty Mut. Ins. Co.*, 862 F.3d 981, 985–86 (9th Cir. 2017) (explaining that issues regarding whether an arbitration agreement included a dispute were questions of the scope of the arbitration agreement, delegated to the arbitrators). The district court therefore correctly ruled that the issue of whether the forum selection clause in the Sweepstakes'

Official Rules superseded the arbitration clause in the User
Agreement was not delegated to the arbitrator, but rather was
for the court to decide. *See Ahlstrom*, 21 F.4th at 635 (issues
of contract formation may not be delegated to an arbitrator).

## II. The Forum Selection Clause

Coinbase also challenges the district court's ruling that
the forum selection clause in the Sweepstakes' Official Rules
superseded the User Agreement's arbitration clause.

When determining whether parties have agreed to submit
to arbitration, courts apply state-law principles of contract
formation and interpretation. *Holl v. U.S. Dist. Court (In re
Holl)*, 925 F.3d 1076, 1083 (9th Cir. 2019). A contract
containing a forum selection clause supersedes an arbitration
agreement where "the forum selection clause[] . . .
sufficiently demonstrate[s] the parties' intent to do so."
*Goldman*, 747 F.3d at 741. Under California law, "'[t]he
general rule is that when parties enter into a second contract
dealing with the same subject matter as their first contract
without stating whether the second contract operates to
discharge or substitute for the first contract, the two contracts
must be interpreted together and the latter contract prevails to
the extent they are inconsistent.'" *Capili v. Finish Line, Inc.*,
116 F. Supp. 3d 1000, 1004 n.1 (N.D. Cal 2015) (quoting
17A C.J.S. Contracts § 574), *aff'd*, 699 F. Appx. 620 (9th Cir.
2017); *see also Williams v. Atria Las Posas*, 24 Cal. Rptr. 3d
341, 345 (Ct. App. 2018) (holding that later-signed arbitration
agreement superseded parties' original agreement, which did
not include an arbitration clause); *Masterson v. Sine*, 436 P.
3d 561, 563 (Cal. 1968) (Any "collateral agreement itself
must be examined . . . to determine whether the parties

intended the subjects of negotiation it deals with to be included in, excluded from, or otherwise affected by the writing").

Coinbase argues that the User Agreement contains an integration clause, and procedures for amendment of the User Agreement, and the User Agreement therefore could not have been superseded by the Official Rules. Coinbase also argues that the Official Rules concern a different subject matter from the User Agreement and do not evince the parties' intent to amend, revise, revoke, or supersede any prior agreement, including the User Agreement. An integration clause, however, does not preclude a superseding contract from being formed in the future. *See In re Ins. Installment Fee Cases*, 150 Cal. Rptr. 3d 618, 632 (Ct. App. 2012) ("'[A]n integration clause only covers antecedent and contemporaneous agreements; it does not foreclose the possibility of future agreements.'" (quoting *Nakashima v. State Farm Mut. Auto. Ins. Co.*, 153 P. 3d 664, 668 (N.M. Ct. App. 2007))). Coinbase is correct that the Official Rules contain no language specifically revoking the parties' arbitration agreement in the User Agreement. By including the forum selection clause, however, the Official Rules evince the parties' intent not to be governed by the User Agreement's arbitration clause when addressing controversies concerning the sweepstakes. *See Goldman*, 747 F.3d at 741.

Coinbase contends that, even if the Official Rules amended the User Agreement, the two agreements can and should be read harmoniously. It argues that, like the forum selection clause in *Mohamed*, the forum selection clause here must be read to apply only to non-arbitrable claims and to suits seeking enforcement of any arbitration awards. *See*

*Mohamed*, 848 F.3d at 1209. As stated above, however, *Mohamed* is distinguishable because there, the arbitration clause and the forum selection clause were included in the same contract. Coinbase also cites *Peterson v. Minidoka County School District No. 331*, 118 F.3d 1351, 1359 (9th Cir.), *amended by* 132 F.3d 1258 (9th Cir. 1997), for the proposition that in situations involving multiple contracts, the contractual provisions should be read "so that they harmonize with each other, not contradict each other." *Peterson*, however, also involved a single contract that incorporated a statute and a policy, rather than an original contract and a subsequent contract. *Id*.

Finally, as the district court explained, the Official Rules cannot be reconciled with the User Agreement. The Official Rules apply to all Sweepstakes entrants, including entrants who are not subject to the User Agreement because they used an alternative mail-in procedure. Despite Coinbase's arguments, the Official Rules make no distinction between entrants who are Coinbase users subject to the User Agreement's arbitration clause and those who are not because they used an alternative mail-in entry procedure.

The district court correctly ruled that because the User Agreement and the Official Rules conflict on the question whether the parties' dispute must be resolved by an arbitrator or by a California court, the Official Rules' forum selection clause supersedes the User Agreement's arbitration clause. *See Goldman*, 747 F.3d at 741. We therefore affirm the district court's order denying Coinbase's motion to compel arbitration.

**AFFIRMED.**